TERRY et al. v. JOHNSTON, Sheriff, et al.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1904.)

No. 1,265.

1. EXECUTION—LEVY—REDELIVERY BOND—JUDGMENT—ENFORCEMENT—INJUNCTION.

Where a surety on a forthcoming bond made no objection to the sale of his property under an execution on a judgment on the bond, other sureties and the principal, who had become a bankrupt, were not entitled to enjoin such sale.

Appeal from the District Court of the United States for the Western District of Louisiana.

I. C. Terry, for appellants.

Frank P. Stubbs and Frank P. Stubbs, Jr., for appellees.

Before McCORMICK and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The appellants exhibited in the District Court a bill for injunction. After notice, the matter came on for hearing, and the defendants submitted a general demurrer to the bill, which the court sustained, dissolved the restraining order, and denied the application for injunction, at the cost of the applicants.

The bill shows that there existed in the Sixth judicial district court of Louisiana, Ouachita parish, a judgment against I. B. Kidd in favor of one Julius Lemle, for $401, with interest thereon from October 5, 1895, at 8 per cent. per annum, to satisfy which an execution was issued and levied upon the property of the defendant in the judgment. After this levy the defendant in the judgment appeared before the sheriff, and, with accepted sureties, gave a delivery bond, by the terms of which the defendant agreed to return the property to the sheriff whenever the same should be demanded and offered for sale to satisfy that execution, and, in event of failure to return the property as conditioned, then the sureties on the bond should become liable therefor. There appears to have been some interruption in the proceedings in the state court, and to have been a new advertisement of the property for sale to take place on May 4, 1901. Before that day arrived the defendant in the judgment presented to the bankrupt court for that district his petition, asking to be adjudicated a voluntary bankrupt, which was done; and on the sale day, instead of producing the property according to the terms of the delivery bond, he advised the sheriff that so much of the property as was still in existence was in the possession of a keeper

appointed by the referee in bankruptcy in behalf of the United States marshal, and therefore could not be delivered. To this notice the sheriff paid no attention, but at the appointed time and hour called for the property to be sold, and, on its not being delivered, declared the forthcoming bond forfeited, on which there was duly entered judgment against the sureties, and to enforce which process was issued and levied on the property of D. A. Breard, Sr., one of the sureties on the forthcoming bond. The property seized was advertised for sale to take place June 14, 1902. The surety whose property was seized took no action, but on the 13th of May, 1902, I. B. Kidd, defendant in the judgment, and who had been adjudged a bankrupt; George C. Terry and I. C. Terry, husband of George C. Terry, who joined therein with his wife, George C. Terry; John Kidd and Laura Kidd, creditors of the bankrupt (said George C. Terry being also one of the sureties on the forthcoming bond)—instituted this proceeding and obtained a restraining order against the sheriff selling the property of the other surety, D. A. Breard, Sr.

It is not necessary to specify all of the errors assigned. The first is that the decree is inequitable, and the second, "that by the order of dissolution of said injunction said court practically permits a grave injustice to be done to the above creditors." The court of bankruptcy, it appears, was not able to see how seizure of a stranger's property to satisfy an admitted debt of a bankrupt could harm the bankrupt or his creditors, or why, if the party whose property was seized did not complain, others should be heard to do so. It is clear to us that the demurrer to the bill is well taken.

The judgment of the District Court is therefore affirmed.